IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3116-FL

| | | |
|---|---|---|
| DAVID ANTHONY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TODD E. ISHEE, SHANTICIA HAWKINS, BYRON T. HARRIS, UNIT MANAGER REAMS, SGT. KATINA WILLIAMS, and KIMBERLY HARRIS, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion for summary judgment (DE 62) pursuant to Federal Rule of Civil Procedure 56. The motion was briefed fully, and in this posture, the issues raised are ripe for ruling.

### STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint April 4, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff challenges the underlying disciplinary hearing alleging defendants violated his due process rights, in violation of the Fourteenth Amendment to the United States Constitution. As relief, plaintiff seeks compensatory and punitive damages, and various forms of injunctive relief.

Following an extended period of discovery, and in accordance with the court's case management order, defendants filed the instant motion for summary judgment. Defendants argue that the undisputed evidence shows plaintiff failed to make specific allegations as to defendant

Shanticia Hawkins ("Hawkins"), and defendants did not violate plaintiff's due process rights and are entitled to qualified immunity. In support of the motion, defendants rely upon a memorandum of law, statement of material facts, and appendix of exhibits thereto comprising the following: 1) declaration of counsel; 2) plaintiff's disciplinary documents; 3) North Carolina Department of Public Safety ("NCDPS"), Offender Disciplinary Procedures; and 4) declaration of defendant Kimberly Harris ("K. Harris").

Plaintiff responded in opposition to the motion, relying on memorandum of law, opposing statement of facts, and appendix of exhibits comprising the following: 1) plaintiff's declaration; 2) plaintiff's affidavit; 3) disciplinary hearing documents; 4) grievance procedure documents; 5) letter from plaintiff addressed to defendant Todd E. Ishee ("Ishee"); and 5) disciplinary appeal dismissing plaintiff's charges.

## STATEMENT OF FACTS

Except as otherwise noted below, the court recounts the facts in the light most favorable to plaintiff.[1] Plaintiff was housed in the Warren Correctional Institution during the relevant time period. (Compl. (DE 1) at 5).[2] On November 19, 2021, defendant Sgt. Kantina Williams ("Williams") charged plaintiff with inciting a riot and threatening staff based on information from a confidential informant and placed plaintiff in segregation. (Id.). On November 23, 2021,

---

[1] The factual background is derived primarily from plaintiff's complaint (DE 1), which is "sworn and ascribed" before a notary pursuant to North Carolina law. (See DE 1-1 at 1). The court construes this filing as an affidavit opposing summary judgment. See Jones v. Solomon, 90 F.4th 198, 206 n.7 (4th Cir. 2024) (concluding that a "notarial certificate for an oath or affirmation pursuant to North Carolina Law" is sufficient to construe filing as opposing affidavit at summary judgment); N.C. Gen. Stat. § 10B-43(a); N.C. Gen. Stat. § 10B-3(2)(C), (14)(c) (describing requirements for notarial act to satisfy "vow of truthfulness on penalty of perjury").

[2] Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management / electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

defendant Unit Manager Reams ("Reams") visited plaintiff's cell and read him his rights. (Id.). Plaintiff wrote a statement asking for the following: 1) video footage; 2) statements from all inmates in plaintiff's dorm; 3) a staff witness; 4) a staff representative; and 5) for the NCDPS rules to be at the disciplinary hearing. (Id.; Pl.'s Aff. (DE 68-2) at 1). Defendant Reams did not gather plaintiff's witness statements. (Compl. (DE 1) at 5; Pl.'s Aff. (DE 68-2) at 1). On December 11, 2021, plaintiff was given a re-write of the same charges except the new write-up alleged plaintiff was going to throw something at defendant Hawkins. (Compl. (DE 1) at 5).

On December 22, 2021, defendant Byron T. Harris ("B. Harris") presided over plaintiff's disciplinary hearing. (Id.). Defendant B. Harris refused to view video evidence or hear plaintiff's witnesses. (Id.; Pl.'s Aff. (DE 68-2) at 1). B. Harris found plaintiff guilty and sanctioned him to the following: 1) 70 days credit time loss; 2) 30 days restricted housing for disciplinary purposes; 3) 90-day revocation of canteen, visitation, and telephone privileges; and 4) 60 days of radio and recreation restrictions. (Pl.'s Aff. (DE 68-2) at 1–2; Defs. Ex. 1 (DE 64-3) at 2–3). Plaintiff appealed the disciplinary decision on January 6, 2022. (Compl. (DE 1) at 6).

On January 8, 2022, defendant Reams visited plaintiff's cell and stated he was instructed not to get witness statements because Reams did not know their names. (Id.). Plaintiff reminded Reams that plaintiff wanted to review the video footage so plaintiff could identify them. (Id.). Plaintiff filed a grievance addressed to defendant Hawkins, but it was rejected because it challenged a disciplinary decision. (Id.).

On appeal, on January 26, 2022, plaintiff's charges and sanctions were dismissed. (Pl.'s Ex. M (DE 68-9) at 1; Defs. Ex. 1 (DE 64-3) at 1). Plaintiff was informed of the dismissal and return of the credit time loss. (Pl.'s Decl. (DE 68-1) at 3). Defendant B. Harris never reheard

3

the disciplinary matter and forced plaintiff to endure the housing and privilege restrictions. (Compl. (DE 1) at 6; Pl.'s Aff. (DE 68-2) at 2).

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).[3]

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)

---

[3] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.  Analysis

Plaintiff asserts that defendants violated his due process rights by falsifying charging documents, failing to provide plaintiff with video footage or witnesses, failing to rehear the case, and making him endure all sanctions, except loss of time credit, after the disciplinary charges were dismissed after appeal. Defendants argue plaintiff has not established loss of a protected liberty interest.

The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of a protected liberty interest. Wolff v. McDonnell, 418 U.S. 539, 557–58 (1974). Under the Wolff standard, an inmate is entitled to the following: 1) written notice of the charges at least 24

5

hours in advance of the hearing; 2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and 3) the right to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564–66; see also Lennear v. Wilson, 937 F.3d 257, 268 (4th Cir. 2019). Decisions by a disciplinary board pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). Finally, the disciplinary decision must be made by an impartial adjudicator. Wolff, 418 U.S. at 570–71.

These procedural safeguards, however, only apply if the plaintiff experiences the loss of a protected liberty interest, such as the loss of gain time credits or other recognized interests. See Wolff, 418 U.S. at 557; Prieto v. Clarke, 780 F.3d 245, 248–49 (4th Cir. 2015). Thus, plaintiff must show 1) "that there is a state statute, regulation, or policy that creates such a liberty interest," and 2) "that the denial of such an interest imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Shaw v. Foreman, 59 F.4th 121, 127 (4th Cir. 2023).

The undisputed evidence shows that the 70 days of credit time loss were returned to plaintiff after his charges were dismissed on appeal. (Pl.'s Decl. (DE 68-1) at 3; Pl.'s Ex. M (DE 68-9) at 1). Regarding plaintiff's placement in disciplinary segregation, he does not have a protected liberty interest in avoiding temporary placements in disciplinary segregation. See Sandin v. Conner, 515 U.S. 472, 486 (1995) (placement in disciplinary segregation for 30 days did not present atypical and significant hardship in relation to the ordinary incidents of prison life); Beverati v. Smith, 120 F.3d 500, 502–04 (4th Cir. 1997) (rejecting due process claim challenging

6

placement in administrative segregation for six months). Further, restrictions on canteen use, visitation, telephone and radio use, and recreation are not protected liberty interests under the Fourteenth Amendment. See Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 461 (1989) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)); see also Desper v. Clarke, 1 F.4th 236, 246 (4th Cir. 2021) (suggesting that Thompson precludes Fourteenth Amendment procedural due process claim premised on denial of in-person visitation)); Beverati, 120 F.3d at 504; Mayberry v. Starr, 44 F. App'x 679, 680 (6th Cir. 2002) (noting confinement to cell does not constitute "atypical or significant hardship"). Accordingly, the undisputed evidence demonstrates plaintiff did not experience the loss of a protected liberty interest, and defendants are entitled to summary judgment as a matter of law.[4]

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment (DE 62) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of September, 2025.

LOUISE W. FLANAGAN
United States District Judge

---

[4] To the extent plaintiff sought to allege an Eighth Amendment claim for deliberate indifference towards his conditions of confinement, plaintiff fails to put forth any evidence he suffered from extreme deprivations causing serious or significant injury. See De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (noting only "extreme deprivations" – defined as a "serious or significant physical or emotional injury resulting from the challenged conditions" or a substantial risk thereof – satisfy the objective component of an Eighth Amendment conditions-of-confinement claim). Accordingly, defendants are entitled to summary judgment on this Eighth Amendment claim.